*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIM URSING,

        Plaintiff-Appellant,

v

SCRIPPS MEDIA, INC., doing business as WXYZ-TV, EW SCRIPPS COMPANY, ADAM SYMSON, MIKE MURRI, KENNAN OLIPHANT, and CORY ALBERTSON,

        Defendants-Appellees.

UNPUBLISHED
August 11, 2026
1:09 PM

No. 375892
Oakland Circuit Court
LC No. 2023-204229-CZ

Before: GADOLA, C.J., and RIORDAN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff sued her former employer and associated parties under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*., alleging claims of discrimination. She now appeals the trial court's grant of summary disposition in favor of defendants. Because there are no errors warranting reversal, we affirm.

## I. BACKGROUND

Plaintiff was employed with WXYZ as a general-assignment reporter, also known as a multimedia journalist. WXYZ initially hired plaintiff as an associate producer and later promoted her to the journalist position. A year after her promotion, WXYZ hired a male employee in the same employment category at a higher wage than plaintiff. This male employee had five years of experience with a direct competitor of WXYZ, as well as experience working with the FBI. For over ten years, plaintiff renewed her employment contracts upon their expirations and received annual percentage-based raises in accordance with her contracts.

After ten years, plaintiff's then-current contract was set to expire, and she entered contract negotiations with defendants. Plaintiff was unsatisfied with defendants' contract offer given the compensation, noncompete provision, and liquidated-damages clause. Plaintiff attempted to negotiate the terms of the contract with defendants, but defendants were unwilling to alter their

offer and plaintiff refused to accept such offer. When plaintiff's contract expired, defendants informed plaintiff that she was no longer employed at WXYZ.

A few months after her separation, plaintiff initiated this action against defendants, alleging that their conduct was discriminatory and violated the ELCRA. Specifically, defendant claimed that employees of WXYZ told her that she had a "distracting" forehead and that she was paid less than the male counterpart. Defendants moved for summary disposition under MCR 2.116(C)(10) and submitted affidavits and depositions with their motion indicating that plaintiff was in the top five of highest paid multimedia journalists at the station, and the male counterpart in question was the only male who made more than plaintiff. In opposition, plaintiff focused on her six Emmy awards compared to the male counterpart's zero wins, as well as her experience as a fill-in anchor on a different network in Detroit, which occurred four or five times. The trial court granted defendants' motion, in part because WXYZ had a rational business reason for the pay disparity.

Plaintiff now appeals.

## II. ANALYSIS

Plaintiff argues on appeal that the trial court erred by granting summary disposition on her claims. We review de novo a trial court's decision on a motion for summary disposition. *Chisholm v State Police*, 347 Mich App 646, 651-652; 16 NW3d 563 (2023). A summary disposition motion brought under MCR 2.116(C)(10) "should be granted when there is no genuine issue of material fact and the movants are entitled to judgment as a matter of law. If there is a genuine issue of material fact, such that the record when viewed in the light most favorable to the nonmovant "leaves open an issue upon which reasonable minds might disagree," then the motion should be denied. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

The ELCRA prohibits employers from discriminating on the basis of protected classes, including sex, specifically providing the following:

(1) An employer shall not do any of the following:

(a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, sexual orientation, gender identity or expression, height, weight, or marital status.

(b) Limit, segregate, or classify an employee or applicant for employment in a way that deprives or tends to deprive the employee or applicant of an employment opportunity or otherwise adversely affects the status of the employee or applicant because of religion, race, color, national origin, age, sex, sexual orientation, gender identity or expression, height, weight, or marital status.

(c) Segregate, classify, or otherwise discriminate against an individual on the basis of sex with respect to a term, condition, or privilege of employment, including, but not limited to, a benefit plan or system. [MCL 37.2202.]

"The ultimate question in an employment discrimination case is whether the plaintiff was the victim of intentional discrimination." *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 606; 886 NW2d 135 (2016).

Plaintiff argues that she established her claims by both direct and indirect evidence. Either type of evidence is capable of establishing proof of discriminatory treatment. *Major v Village of Newberry*, 316 Mich App 527, 540; 892 NW2d 402 (2016).

Direct evidence "is evidence that proves impermissible discriminatory bias without additional inference or presumption." *Hecht*, 499 Mich at 607 n 34. If a case relies on direct evidence and involves mixed motives, "i.e., where the adverse employment decision could have been based on both legitimate and legally impermissible reasons, a plaintiff must prove that the defendant's discriminatory animus was more likely than not a substantial or motivating factor in the decision." *Sniecinski v Blue Cross & Blue Shield of Mich*, 469 Mich 124, 133; 666 NW2d 186 (2003) (cleaned up). A plaintiff must show the defendant's discriminatory predisposition and that "the defendant actually acted on that predisposition in visiting the adverse employment action on the plaintiff." *Wilcoxon v Minnesota Mining & Mfg Co*, 235 Mich App 347, 360-361; 597 NW2d 250 (1999). Essentially, "a defendant may avoid a finding of liability by proving that it would have made the same decision even if the impermissible consideration had not played a role in the decision." *Sniecinski*, 469 Mich at 133.

Plaintiff failed to present direct evidence of discrimination based on her sex. Plaintiff's arguments revolve around comments made about her forehead. First, these comments were made outside the limitations period, and although they can be considered as background evidence, they cannot form the basis of an actionable discrimination claim. *Campbell v Human Servs Dep't*, 286 Mich App 230, 238; 780 NW2d 586 (2009). Second, even considering the substance of the statements, the comments do not constitute direct evidence of sex discrimination because the statements do not require "the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Major*, 316 Mich App at 540 (cleaned up). The comments did not make any explicit references to plaintiff's sex, and therefore would require "additional inference or presumption," to conclude that it was based on impermissible discriminatory bias. *Hecht*, 499 Mich at 607 n 34.

As for indirect or circumstantial evidence, plaintiff must proceed under the *McDonnell Douglas* burden-shifting framework to establish her claims that the pay disparity between her and a male counterpart resulted from sex discrimination. See *White v Dep't of Transp*, 334 Mich App 98, 107-108; 964 NW2d 88 (2020); *Venable v Gen Motors Corp*, 253 Mich App 473, 476; 656 NW2d 188 (2002). Under this framework, a plaintiff must show that she was "(1) a member of a protected class, (2) subject to an adverse employment action, (3) qualified for the position, and that (4) others, similarly situated and outside the protected class, were unaffected by the employer's adverse conduct." *Venable*, 253 Mich at 477. If the plaintiff establishes these four elements, then the plaintiff has "a rebuttable prima facie case on the basis of proofs from which a factfinder could infer that the plaintiff was the victim of unlawful discrimination." *Sniecinski*, 469 Mich at 134 (cleaned up). The burden then shifts to the defendants to "articulate a legitimate, nondiscriminatory reason for its employment decision," *White*, 334 Mich App at 108, and to "offer admissible evidence that would be legally sufficient to support its legitimate, nondiscriminatory reason," *Kilpatrick v Lansing Community College*, 348 Mich App 44, 56; 17 NW3d 689 (2023).

Here, even assuming for the sake of argument that plaintiff could establish her prima facie case, defendants have presented sufficient evidence to establish a legitimate, nondiscriminatory reason for the pay disparity between plaintiff and her male counterpart. Defendants maintain that the reason for the pay disparity arises from the major-market experience and unique credentials held by plaintiff's male counterpart at the time he was hired, including his time at a competing company. The pay disparity then continued as plaintiff and the male counterpart renewed their contracts and received percentage-based raises according to WXYZ's contract-renewal practices. Defendants offered testimony about the male counterpart's experience and the contract-renewal practices, including major-market reporting experience in the relevant market and valuable contacts given his former position with the FBI; plaintiff did not have this comparable experience. Therefore, defendants met their burden under the *McDonnell Douglas* framework. See *Kilpatrick*, 348 Mich App at 56.

Because defendants articulated a nondiscriminatory reason for the pay disparity, the burden shifts back to plaintiff to show that defendants' rationale was merely a pretext for discrimination. *White*, 334 Mich App at 108. Pretext can be established "(1) by showing the reasons had no basis in fact, (2) if they have a basis in fact, by showing that they were not the actual factors motivating the decision, or (3) if they were factors, by showing that they were jointly insufficient to justify the decision." *Major*, 316 Mich App at 542 (cleaned up). A challenge to a defendant's business judgment "is insufficient to raise a question of fact of whether the nondiscriminatory explanation . . . was a pretext for . . . discrimination." *White*, 334 Mich App at 111.

Plaintiff argues that defendants' justifications for the pay disparity are false, given her own previous work experience and Emmy awards. Plaintiff fails to show that her previous experience was comparable to her male counterpart and fails to establish that Emmy awards are a relevant factor in WXYZ's compensation determinations. The burden is on plaintiff to show that defendants' reason for the pay discrepancy is a pretext, and she has failed to carry such burden. Furthermore, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Kilpatrick*, 348 Mich App at 56. It is difficult for plaintiff to meet such ultimate burden given that plaintiff was paid more than every male multimedia journalist except for one sole comparison male counterpart.

## III. CONCLUSION

Accordingly, plaintiff cannot establish that defendants' legitimate, nondiscriminatory reasons for the pay disparity were pretextual, and the trial court properly granted summary disposition on that basis.

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Brock A. Swartzle

-4-